Anthony S. Petru, *pro hac vice forthcoming*
Scott H. Levy WSB # 58199
Dylan R. Williams, *pro hac vice forthcoming*
**HILDEBRAND, McLEOD & NELSON, LLP**
350 Frank H. Ogawa Plaza, 4th Floor
Oakland, CA 94612
Tel: (510) 451-6732
Fax: (510) 465-7023
petru@hmnlaw.com
levy@hmnlaw.com
williams@hmnlaw.com

ATTORNEYS FOR PLAINTIFF
TERRY JOHNS, JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Terry Johns, Jr., | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | Federal Employers' Liability Act – 45 USC §§ 51 et seq. |
| Union Pacific Railroad Company, | Safety Appliance Act – 49 USC §§ 20301 et seq. |
| Defendant. | Violation of 49 CFR § 215.123 |
| | Violation of WAC 480-60-035 |
| | Violation of WAC 296-860-20020 |
| | JURY TRIAL DEMANDED |

COMPLAINT
Page 1 of 10

HILDEBRAND McLEOD & NELSON, LLP
350 FRANK H OGAWA PLAZA, 4TH FLOOR
OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

COMES NOW Plaintiff TERRY JOHNS, JR. and alleges as follows:

### 1. PARTIES

1.1    At the time of the tortious acts and omissions alleged herein and at all times relevant hereto, Plaintiff TERRY JOHNS, JR. (hereinafter "Plaintiff") was and is an individual living in the State of Washington. Plaintiff was employed as a conductor for UNION PACIFIC RAILROAD COMPANY (hereinafter "UPRR") and in this position worked within the State of Washington during all relevant times.

1.2    Defendant UPRR was and is now a duly organized Delaware corporation with its principal place of business in Omaha, Nebraska, authorized to and doing business in the State of Washington.  UPRR is a common carrier by railroad engaged in interstate commerce.

### 2. JURISDICTION AND VENUE

2.1    Plaintiff re-alleges and incorporates all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

2.2    This action is brought, in part, under the Federal Employers Liability Act ("FELA"), 45 U.S.C. §§ 51, *et seq*.

2.3    This Court has jurisdiction over the subject matter of, and the parties to, this action pursuant to 28 U.S.C. § 1331 and 45 U.S.C. § 56.

2.4    Venue is proper in the Eastern District of Washington at Richland because UPRR does business within the District and the cause of action arose in the District. 45 U.S.C. § 56 and 28 U.S.C. § 128.

### 3. ALLEGATIONS

3.1    On or about December 17, 2019, Plaintiff was acting in the course and scope of his employment as a conductor for UPRR in or around UPRR's yard in Wallula, WA.

\\

\\

COMPLAINT
Page 2 of 10

HILDEBRAND McLEOD & NELSON, LLP
350 FRANK H OGAWA PLAZA, 4TH FLOOR
OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

3.2     At or around 11:30 a.m. on the date of the incident Plaintiff was working as a conductor on Job LID41.  This job required switching cars at the north end of the yard at or near milepost 214.9 – an area commonly used by UPRR trainmen for this task.

3.3     Switching requires uncoupling and separating railcars into different tracks.  This is done by lifting an uncoupling lever (referred to herein as a "cut lever").  The cut lever activates a series of mechanical connections which release a locking device inside the coupler, thereby opening the steel knuckles that keep railcars connected.  Lifting the cut lever is an essential part of switching railcars, allowing them to be "shoved and kicked" to roll free into separate tracks.  When properly working, a lifted cut lever causes a lock block inside the coupling device to move to and remain in a position which allows for separation.



*Exemplar of coupling device and cut lever.*

3.4     At the time of the incident, Plaintiff pulled the cut lever on railcar CMHX 848808 in order to separate adjacent cars, but the uncoupling device failed to stay open in the unlocked position, and the knuckle did not release, preventing the adjacent cars from being separated.

COMPLAINT
Page 3 of 10

HILDEBRAND McLEOD & NELSON, LLP
350 FRANK H OGAWA PLAZA, 4TH FLOOR
OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

After two failed attempts to separate the cars, Plaintiff then walked alongside railcar CMHX 848808 while lifting and holding up the cut lever.  The ballast in the area where Plaintiff was attempting to separate the cars was oversized, uneven, and sloping downward away from the track.  While Plaintiff walked alongside railcar CMHX 848808 while holding up the cut lever, the unstable footing on the walkway caused Plaintiff to experience a "pop" and immediate pain in his hip.  The cars still did not separate due to the defective knuckle, knuckle thrower, uncoupler lever, and uncoupling device.


*Side view of railcar CMHX 848808.*


*"B" end view of CMHX 848808*

3.5     As a result of the negligence of Defendant alleged herein, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and received personal injuries, including but not limited to the following: severe injury to the hip, and pain and suffering giving rise to the damages set forth herein.

3.6     That by reason of the carelessness and negligence of said Defendant, Plaintiff was forced to and did incur indebtedness for the service of duly licensed physicians, surgeons or medical providers for emergency care, radiological studies, medications, surgery, and medical devices, among other things, in a sum as yet unascertainable, and Plaintiff is informed and believes, and thereupon alleges, that he is likely to require further medical attention as a result of

COMPLAINT
Page 4 of 10

HILDEBRAND McLEOD & NELSON, LLP
350 FRANK H OGAWA PLAZA, 4TH FLOOR
OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

1  said injuries and therefore incur further indebtedness in an amount as yet unascertainable, and to
2  be proven at trial.

3  3.7    Plaintiff has incurred, and is likely to continue to incur in the future, lost wages,
4  lost earning capacity, and loss of fringe benefits as a result of his injuries, which shall be shown
5  according to proof at the time of trial.

6  3.8    As a result of the incident herein alleged, Plaintiff has suffered, and will continue
7  to suffer, non-economic damages in the form of past and future pain and suffering, interference
8  with normal and usual activities apart from gainful employment, and other general damages,
9  which shall be shown according to proof at the time of trial.

## 4.    FIRST CAUSE OF ACTION
### (FELA Negligence)

4.1    Plaintiff re-alleges and incorporates all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

4.2    At all times herein mentioned, UPRR was a common carrier by railroad engaged in interstate commerce in the State of Washington.

4.3    At all times herein mentioned Plaintiff was employed by UPRR in such interstate commerce and the injuries complained of arose while Plaintiff was performing duties in the furtherance of, or affecting, interstate commerce.

4.4    This action is brought under and by virtue of the provisions of the Federal Employers' Liability Act, ("FELA"), 45 U.S.C. §§ 51, *et seq.*

4.5    At all times herein mentioned, and as Plaintiff was acting in the course and scope of his employment, UPRR owed to Plaintiff the duty of exercising ordinary care to provide Plaintiff with reasonably safe equipment and tools with which to work and a reasonably safe place in which to work, to institute and oversee reasonably safe procedures and methods for the performance of said work, and to properly maintain, inspect, and repair all safety appliances and

COMPLAINT
Page 5 of 10

HILDEBRAND McLEOD & NELSON, LLP
350 FRANK H OGAWA PLAZA, 4TH FLOOR
OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

brake systems. UPRR, through its agents and employees, other than Plaintiff, breached and failed in its aforesaid duties in one or more of the following particulars:

1) UPRR failed to implement, institute, and execute proper methods, procedures, and plans regarding the work of its employees.

2) UPRR carelessly and negligently assigned Plaintiff to work on railcar CMHX 848808 without properly inspecting, maintaining, or repairing the railcar's defective, broken, and/or inoperative coupling mechanism, knuckle, uncoupling lever, knuckle thrower and/or coupling pin.

3) UPRR carelessly and negligently assigned Plaintiff to work at Wallula Yard at or near milepost 214.9 without properly inspecting, maintaining or repairing the oversized ballast, unstable footing, sloping walkway, and otherwise unsafe walkway in the area.

4) UPRR failed to comply with federal and State rules and regulations.

5) UPRR failed to comply with its own safety standards, regulations, rules, and procedures.

6) UPRR failed to follow applicable Association of American Railroad (AAR) rules, policies, and advisories, including, but not necessarily limited to: failure to inspect, maintain, repair and/or replace the worn coupling mechanisms on the subject railcar in violation of AAR Interchange Rules, rule 16; and failure to inspect, maintain, repair and/or replace the worn, bent, broken, or non-standard uncoupling lever on the subject railcar in violation of AAR Interchange Rules, rule 22.

4.6     The negligence of UPRR was a legal and proximate cause of Plaintiff's injuries and damages herein alleged.

\\

\\

COMPLAINT
Page 6 of 10

HILDEBRAND McLEOD & NELSON, LLP
350 FRANK H OGAWA PLAZA, 4TH FLOOR
OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

## 5. SECOND CAUSE OF ACTION

(Violation of Federal Safety Appliance Act 49 U.S.C. §§ 20301 et seq. – Negligence Per Se)

5.1    Plaintiff re-alleges and incorporates all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

5.2    This cause of action is brought under and by virtue of the provisions of the FELA, 45 U.S.C. §§ 53 and 54a, thereby incorporating the Federal Safety Appliance Act, "SAA," 49 U.S.C. §§ 20301, *et seq.*, including 49 U.S.C. § 20302, entitled "General requirements," which imposes negligence per se on Defendant UPRR for using a railcar with a defective coupler, or parts appurtenant thereto, on its railroad line.

5.3    The conduct regulated by 49 U.S.C. §§ 20301 *et seq.* is intended to promote the safety of railroad workers and to protect trainmen such as Plaintiff.

5.4    At all times herein mentioned, UPRR, as Plaintiff's employer, was under the statutory obligation to comply with the SAA; at said time and place, acting in the course and scope of his duties, Plaintiff was required to perform the duties of a conductor at UPRR's Wallula Yard, including the switching of railroad cars; the coupler, knuckle, knuckle thrower, and/or uncoupling levers on railcar CMHX 848808 were worn, defective and otherwise unsafe, broken, or inoperative within the meaning of the SAA, including 49 U.S.C. § 20302; and due to said defect, the coupler failed to stay open or otherwise function properly to allow uncoupling of railcars. As a result, Plaintiff was required to walk along-side railcar CMHX 848808 along oversized, uneven and sloped ballast while pulling up on the uncoupling lever, thereby causing injury to Plaintiff as herein set forth.

5.5    The violation of 49 USC §§ 20301 and 20302 by UPRR, as set forth above, was a legal and proximate cause of Plaintiff's injuries and damages herein alleged.

\\

\\

COMPLAINT
Page 7 of 10

HILDEBRAND McLEOD & NELSON, LLP
350 FRANK H OGAWA PLAZA, 4TH FLOOR
OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

### 6. THIRD CAUSE OF ACTION

**(Violation of Federal Safety Statutes 49 C.F.R § 215.123 – Negligence Per Se)**

6.1   Plaintiff re-alleges and incorporates all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

6.2   This cause of action is brought under and by virtue of the provisions of the FELA, 45 U.S.C. §§ 53 and 54a, thereby incorporating 49 Code of Federal Regulations, "C.F.R.," § 215.123, entitled, "Defective couplers," which imposes negligence per se on UPRR for continuing in service a railcar with a defective coupler mechanism, or parts appurtenant thereto.

6.3   The conduct regulated by 49 C.F.R. § 215.123 is intended to promote the safety of railroad workers and to protect trainmen such as Plaintiff.

6.4   At all times herein mentioned, UPRR, as Plaintiff's employer, was under the statutory obligation to comply with 49 C.F.R. § 215.123, a safety regulation that prohibits UPRR from continuing in service a railcar with a defective coupler mechanism, including a "knuckle pin or knuckle thrower that is … inoperative"; at said time and place, acting in the scope of his duties, Plaintiff was required to perform the duties of a trainman at UPRR's Wallula Yard; the coupler on railcar CMHX 848808 was defective within the meaning of 49 C.F.R. § 215.123, and due to said defect, the coupler failed to stay open or otherwise function properly to allow uncoupling of railcars.  As a result, Plaintiff was required to walk along-side railcar CMHX 848808 along oversized, uneven and sloped ballast while pulling up on the uncoupling lever, thereby causing injury to Plaintiff as herein set forth.

6.5   The violation of 49 CFR § 215.123 by UPRR, as set forth above, was a legal and proximate cause of Plaintiff's injuries and damages herein alleged.

### 7. FOURTH CAUSE OF ACTION

**(Violation of Safety Regulation WAC 480-60-035 – Negligence Per Se)**

7.1   Plaintiff re-alleges and incorporates all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

COMPLAINT
Page 8 of 10

HILDEBRAND McLEOD & NELSON, LLP
350 FRANK H OGAWA PLAZA, 4TH FLOOR
OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

7.2     That cause of action is brought under and by virtue of the provisions of the FELA, and, specifically, 45 U.S.C. §§ 53 and 54a, thereby incorporating Washington Administrative Code ("WAC") 480-60-035.

7.3     That, at all times herein mentioned, Defendant UPRR, as plaintiff's employer, was under a statutory obligation to comply with the WAC 480-60-035, a safety regulation, in connection with the walkways adjacent to and in-between the railroad tracks at UPRR's railroad yard at or near Wallula, Washington.

7.4     That, at all times herein mentioned, Defendant UPRR violated WAC 480-60-035 in that, among other things, Defendant UPRR failed to provide its employees with a safe and regular walkway that was not rough, loose, unstable, and uneven, in UPRR's rail yard at or near Wallula, Washington.

7.5     That the conduct regulated by WAC 480-60-035 is intended to promote the safety of railroad workers.  Said regulation was drafted for and intended to protect trainmen and conductors such as Plaintiff.

7.6     The violation of WAC 480-60-035 by UPRR, as set forth above, was a legal and proximate cause of Plaintiff's injuries and damages herein alleged.

## 8.    FIFTH CAUSE OF ACTION

**(Violation of Safety Regulation WAC 296-860-20020 – Negligence per se)**

8.1     Plaintiff re-alleges and incorporates all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

8.2     That this cause of action is brought under and by virtue of the provisions of the FELA, and, specifically, 45 U.S.C. § 54a, thereby incorporating the WAC 296-860-20020.

8.3     That, at all times herein mentioned, Defendant UPRR, as Plaintiff's employer, was under a statutory obligation to comply with the WAC 296-860-20020, a safety regulation, in connection with the walkways adjacent to and in-between the railroad tracks in UPRR's rail yard at or near Wallula, Washington.

COMPLAINT
Page 9 of 10

HILDEBRAND McLEOD & NELSON, LLP
350 FRANK H OGAWA PLAZA, 4TH FLOOR
OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

8.4    That, at all times herein mentioned, Defendant UPRR violated WAC 296-860-20020 in that, among other things, Defendant failed to provide its employees with a safe and regular walkway that was not rough, loose, unstable, and uneven, in UPRR's rail yard at or near Wallula, Washington.

8.5    That the conduct regulated by WAC 296-860-20020 is intended to promote the safety of railroad workers. Said regulation was drafted for and intended to protect trainmen and conductors such as Plaintiff.

8.6    The violation of WAC 296-860-20020 by UPRR, as set forth above, was a legal and proximate cause of Plaintiff's injuries and damages herein alleged

## 9.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against UPRR as hereinafter set forth and prays for damages as follows:

9.1    For his economic and non-economic damages in a sum to be determined by a jury at trial;

9.2    For his costs, post-judgement interest, and disbursements incurred herein; and

9.3    For all such other and further relief as the Court deems just and equitable and all other damages provided by law.

DATED September 26, 2022            HILDEBRAND McLEOD & NELSON, LLP

By: /s/ Scott H. Levy
Scott H. Levy, WSB # 58199
Anthony S. Petru, pro hac vice forthcoming
Dylan R. Williams, pro hac vice forthcoming

Attorneys for Plaintiff Terry Johns, Jr.

COMPLAINT
Page 10 of 10

HILDEBRAND McLEOD & NELSON, LLP
350 FRANK H OGAWA PLAZA, 4TH FLOOR
OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)